IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JACK PRICE, et al., | : |
| | : Case No. 2:20-CV-01057 |
| Plaintiffs, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Chelsey M. Vascura |
| GULFPORT ENERGY CORPORATION, | : |
| | : |
| Defendant. | : |

## OPINION & ORDER

This matter is before the Court on Defendant Gulfport Energy Corporation's ("Gulfport") Motion to Dismiss. (ECF No. 8). For the following reasons, Defendant's Motion is hereby **DENIED.**

### I.  BACKGROUND

Plaintiffs Jack Price, Arleen Price, and KKAJ, LLC bring this suit alleging that Defendant Gulfport wrongfully deducted costs from Plaintiffs' overriding royalty interest payments but has failed to refund Plaintiffs. (ECF No. 4 ¶¶ 30-35). Plaintiffs now seek to hold Gulfport liable for two counts of breach of contract, or in the alternative, for unjust enrichment or fraud. Plaintiffs also seek punitive damages and attorneys' fees. (ECF No. 4).

On September 12, 2013, Defendant Gulfport was assigned all right, title, and interest as lessee for around 285 acres of land in Belmont County, Ohio subject to a certain lease for the purpose of producing oil, gas, and other hydrocarbons. (ECF No. 4 ¶¶ 10, 11). Through a series of assignments, Plaintiffs Jack Price and Arleen Kay Price were assigned all right, title, and interest in the land leased to Gulfport, which included an undivided fifty percent (50%) interest in the right, title, and interest in and to all oil, gas, and related hydrocarbons on the land. (*Id.*

1

¶¶ 12, 14-16). Plaintiffs Jack Price and Arleen Kay Price then conveyed all their entire fifty percent (50%) interest in the right, title, and interest in and to all oil, gas, and related hydrocarbons on the land subject to the lease to Plaintiff KKAJ. (*Id.* ¶ 17). Plaintiff KKAJ was also assigned the other fifty percent (50%) interest in and to all oil, gas, and related hydrocarbons. (*Id.* ¶ 18).

Pursuant to Gulfport's obligations under the lease agreement, it has paid monthly royalty statements to Plaintiff KKAJ. (*Id.* ¶ 23). The lease agreement's royalty payment provision "expressly identifies the specific deductions" that Gulfport is permitted to make from the royalty payments, which includes "deduction" for "gathering, compressing, and making merchantable such gas provided." (*Id.* ¶ 8). The assignment agreement applicable to the lease states that the "royalty interest conveyed shall be free and clear of all drilling, development, and operating expenses." (*Id.* ¶ 13). Plaintiffs conducted a royalty audit for the period between January 2016 and August 2018. (*Id.* ¶ 25). Plaintiffs allege that Gulfport failed to itemize marketing, storage, and transportation cost deductions on the royalty statements when Gulfport deducted them from Plaintiffs' royalty payments. (*Id.* ¶¶ 31, 32). Plaintiffs also allege that Gulfport deducted gathering and compression costs from KKAJ's royalty payments in 2016 but these same costs were not deducted in 2017 or 2018. (*Id.* ¶ 33). Plaintiffs essentially allege that Gulfport wrongfully deducted post-production costs from royalty payments and has failed to issue Plaintiffs a refund for these wrongful deductions. (ECF No. 12 at 3).

Defendant brings this Motion to Dismiss, asking the Court to dismiss Plaintiffs' claims of unjust enrichment (Count III) and fraud (Count IV) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8). Defendant also moves to dismiss Plaintiffs' requests

for punitive damages and attorneys' fees, arguing that Ohio law does not permit recovery for these in a breach of contract action if the fraud claim fails. (*Id.* at 10-11).

## II. STANDARD OF REVIEW

This Court may dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). This Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). If more than one inference may be drawn from an allegation, this Court must resolve the conflict in favor of the plaintiff. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). This Court cannot dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. This Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. LAW & ANALYSIS

Defendant Gulfport argues that Plaintiffs' claims of fraud (Count IV) and unjust enrichment (Count III) are already addressed by the breach of contract claims (Counts I and II), and thus the claims for fraud and unjust enrichment fail as a matter of law. (ECF No. 8). Plaintiffs respond that they are entitled to plead fraud and unjust enrichment in the alternative pursuant to Federal Rule of Civil Procedure 8. (ECF No. 12). Plaintiffs cite Rule 8(a)(3), which allows "a demand for the relief sought" to also "include relief in the alternative." (*Id.* at 5, 9). This Court holds that Plaintiffs may plead fraud and unjust enrichment in the alternative along with breach of contract. As this Court's jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, this Court must apply Ohio state law in assessing Plaintiffs' substantive claims. *See Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2000) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 82 (1938)).

### A.  Fraud Claim

Defendant argues that Plaintiffs' fraud claim is barred by Ohio law, reasoning that a party cannot assert a fraud claim from a breach of a duty that arises from a contractual relationship. (ECF No. 8 at 5) (citing *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App. 3d 137, 151, 684 N.E.2d 1261, 1270 (Ohio App. 1996) ("the existence of a contract action excludes the opportunity to present the same case as a tort claim.")). Gulfport alleges here that "the parties' relationship is contractual and all duties owed are grounded in contract" and Plaintiffs cannot plead fraud. (ECF No. 8 at 5).

Defendant's argument fails to account for the existence of "a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Textron*, 684 N.E.2d at 1270. In a case similar to this one, this Court allowed to proceed both a breach of

4

contract claim and a fraud claim involving disputed royalty payments from an oil and gas lease. *See Cunningham Prop. Mgmt. Trust v. Ascent Res. – Utica, LLC*, 351 F. Supp. 3d 1056 (S.D. Ohio 2018). In *Cunningham*, the plaintiff also owned land that was leased to the defendant for the purpose of producing oil and gas, and the defendant allegedly deducted substantial costs post-production that were not explained in the royalty statements to plaintiff. *Id.* at 1059-60. The plaintiff in *Cunningham* similarly pled claims of breach of contract, fraud, and unjust enrichment as Plaintiffs have in this case. *Id*. at 1061. While in general plaintiffs cannot duplicate a breach of contract claim as a fraud claim under Ohio law, this Court found in *Cunningham* that it is unclear at this stage if both fraud and breach of contract claims would lead to duplicative damages, so dismissing the fraud claim is premature. *Id.* at 1067 (citing *Lebo v. Impac Funding Corp.*, No. 5:11-cv-1857, 2012 U.S. Dist. LEXIS 24187, at *6 (N.D. Ohio Feb. 8, 2012), *report and recommendation adopted*, 5:11-cv-1857, 2012 U.S. Dist. LEXIS 24185 (N.D. Ohio Feb. 27, 2012)); *cf. Telxon Corp.* v. *Smart Media of Del., Inc.*, 2005-Ohio-4931 (Ohio Ct. App. 2005). Plaintiffs can thus plead both breach of contract and fraud claims, but if Plaintiffs ultimately prove their fraud claim, then they would only be able to recover damages separate from any damages recovered from their breach of contract claims. *Cunningham*, 351 F. Supp. 3d at 1067.

Gulfport argues that Plaintiffs have failed to meet the particularity standard required for a fraud claim. (ECF No. 8 at 8). In order to satisfy the pleading requirements under Ohio law for a claim of fraud, the plaintiff must allege with particularity:

> (1) a representation (or concealment of a fact when there is a duty to disclose) (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance.

*Smythe Cramer Co. v. Silva*, No. 13-1403, 2013 U.S. Dist. LEXIS 151556, at *12-13 (N.D. Ohio Oct. 22, 2013) (quoting *Volbers-Klarich v. Middletown Mgmt., Inc.*, 125 Ohio St. 3d 494, 501, 2020-Ohio-2057, 929 N.E. 2d 434, 440 (Ohio 2010)). Ohio courts have stated the particularity standard requires includes "the time, place, and content of the false representation, the fact represented, and what was obtained or given as a consequence of the fraud." *F & J Roofing Co. v. McGinley & Sons, Inc.*, 35 Ohio App. 3d 16, 17, 518 N.E.2d 1218, 1219-20 (Ohio App. 1987). In more simple terms, this particularity standard can be evaluated as "the who, what, where or how of [the] fraud claim." *Ford v. Brooks*, 2012-Ohio-943 ¶ 28 (Ohio App. 2012). This heightened pleading standard serves 1) to protect the defendant from potential harm to its reputation, 2) to provide the defendant notice of what conduct is being challenged, and 3) to discourage the filing of suits "as a pretext for discovery of unknown wrongs." *Reinglass v. Morgan Stanley Dean Witter*, 2006-Ohio-1542, at ¶ 20.

Plaintiffs allege that "Gulfport knowingly and intentionally misrepresented to Plaintiffs that Gulfport was paying royalties free of marketing fees and transportation and storage deductions." (ECF No. 4 ¶ 67). This allegation names the Defendant as the "who" in particular that committed the alleged fraud. *See Wick v. Ach*, 2019-Ohio-2405, 139 N.E.3d 480, at ¶ 13 (finding that alleging an unnamed "agent" committed the fraud failed to satisfy particularity). Plaintiffs provide the royalty statements and the audit report covering the production date ranges from January 2016 to August 2018 that concluded with specificity the amount of wrongful deductions allegedly made by Defendant. (*Id.* Exs. K, L). These records provide the specific time frame (the "when") as well as the exact subject matter of the fraud (the "what") relating to deductions from Plaintiffs' royalties. *See Castrataro v. Urban*, 155 Ohio App. 3d 597, 2003-Ohio-6953, 802 N.E.2d 689, at ¶ 42 (finding that a plaintiff who "merely alleged" that the

defendant "gave her fraudulent or false information" without "the content of the allegedly false representation(s)" did not satisfy particularity). Plaintiffs' specific allegations based on the exact costs deducted based on the audit report also places Gulfport on notice of the fraud it must challenge. *See Reinglass*, 2006-Ohio-1542, at ¶ 20.

Plaintiffs allege that this "misrepresentation was material to Plaintiffs' continued performance" and that it "was made for the purpose of fraudulently inducing Plaintiffs' reliance." (ECF No. 4 ¶ 68). The question of justifiable reliance "requires an inquiry into the relationship between parties," which includes factors such as the nature of the transaction, the materiality of the representation, and their respective means of knowledge. *Aztec Int'l Foods, Inc. v. Duenas*, 2013-Ohio-450, at ¶ 47 (citing *Crown Property Dev., Inc. v. Omega Oil Co.*, 113 Ohio App. 3d 647, 657, 681 N.E.2d 1343, 1349 (Ohio App. 1996)). Courts have conducted a totality of the circumstances test in order to determine whether reliance was justified. *See id.* ¶ 48. Here, this Court finds Plaintiffs' reliance was justified. Plaintiffs alleged that they "justifiably relied upon Gulfport's material misrepresentations when [KKAJ] accepted royalty payments without information regarding the deductions readily discoverable," and as a "direct and proximate result" were injured "in an amount in excess of $25,000.00." (ECF No. 4 ¶¶ 74, 75). Plaintiffs also alleged that Gulfport deducts marketing and storage costs with its purchasers based on independent agreements. (*Id.* ¶ 30). Given Gulfport controls the royalty statements and the deductions, Plaintiffs would not have the equal means to access the information on deductions. *See Aztec Int'l Foods*, 2013-Ohio-450 at ¶ 48 (noting that it was not unreasonable for plaintiff to depend on the representations of a defendant who had the knowledge and experience in the industry). When Plaintiffs do not have "a role in obtaining" the information as in *Aztec Int'l Foods*, it would not be unreasonable for them to believe the veracity of the royalty

statements. *Id.* Accordingly, this Court finds that Plaintiffs have pled fraud with sufficient particularity.

## B. Unjust Enrichment Claim

Similar to Plaintiffs' fraud claim, Defendant Gulfport argues that Plaintiffs fail to state a claim for unjust enrichment upon which relief can be granted because Ohio law precludes recovery under unjust enrichment when a contractual relationship exists. (ECF No. 8 at 9). Defendant's argument fails for the same reason as explained regarding Plaintiffs' fraud claim. While Plaintiffs cannot recover on a claim of unjust enrichment if an express contract covers the same factual and legal issues, this Court has held that Plaintiffs may plead breach of contract along with unjust enrichment in the alternative at this stage. *See Cunningham*, 351 F. Supp. 3d at 1066; *see also* Fed. R. Civ. P. 8(d)(2). As in *Cunningham*, the scope of the parties' lease and assignment agreements as to the appropriate royalty payment deductions must still be developed at the discovery stage. *Id.* This Court therefore finds that it would be premature to dismiss Plaintiffs' claim of unjust enrichment.

In order for Plaintiffs to satisfy the pleading requirements for unjust enrichment under Ohio law, Plaintiffs must allege:

> (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.

*Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183, 456 N.E.2d 1298, 1302 (Ohio 1984).

Plaintiffs allege "Gulfport has been enriched by the benefit conferred" by Plaintiffs who "intended to receive royalty payments free of marketing and transportation deductions." (ECF No. 4 ¶¶ 62, 63). Plaintiffs also allege that "Gulfport accepted the benefit conferred" by drilling on Plaintiffs' land for oil and gas and "have retained the benefit." (*Id.*). Plaintiffs allege that this

benefit conferred upon Gulfport was "unjust . . . without full payment of the amount due for wrongfully withheld marketing fees, transportation deductions, and 2016 gathering and compression fees" which amounted to an excess of $25,000. (*Id.* ¶¶ 63, 64). Ohio courts have found in similar cases that "knowingly retain[ing]. . . deductions" constitutes unjust enrichment. *Stacy v. Gibson*, 2019-Ohio-2751, 140 N.E.3d 196, at ¶ 48 (finding that defendant who retained payroll deductions from plaintiffs was conferred a benefit and unjustly enriched); *see also Bollman v. Lavery Auto. Sales & Serv.*, 2019-Ohio-3879, at ¶ 30 (finding that the defendant was unjustly enriched by deducting amounts which exceeded the agreed upon contributions with plaintiffs). This Court finds that Plaintiffs have sufficiently pled unjust enrichment in the alternative as a means to recover damages from unpaid royalties.

### C. Plaintiffs Demand for Punitive Damages and Attorneys' Fees

Gulfport argues that "Plaintiffs' claims for punitive damages are premised solely on their claim for fraud" and that "attorneys' fees are only recoverable under Ohio law when punitive damages are recoverable." (ECF No. 8 at 11). Under Ohio statute, punitive damages are only recoverable from a defendant in a tort action if "(1) The actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud…" and "(2) The trier of fact has returned a verdict or has made a determination . . . of the total compensatory damages recoverable by the plaintiff from that defendant." OHIO REV. CODE ANN. § 2315.21(C) (LexisNexis 2019-20); *see Niskanen v. Giant Eagle, Inc.*, 122 Ohio St. 3d 486, 2009-Ohio-3626, 912 N.E.2d 595 (Ohio 2009).

Plaintiffs have pled fraud, claiming that "Gulfport knowingly and intentionally misrepresented to Plaintiffs that Gulfport was paying royalties free of marketing fees and transportation and storage deductions." (ECF No. 4 ¶ 67). As discussed above, Plaintiffs have

9

satisfied the particularity standard for a fraud claim by alleging Gulfport knowingly made wrongful deductions from Plaintiffs' royalty payments, based on the audit report's specific findings between January 2016 and August 2018. (*Id.* ¶ 25). As the extent of Defendant's alleged fraud must still be proven and the trier of fact must still determine whether Plaintiffs are owed compensatory damages from Gulfport, this Court holds that it would be premature to dismiss Plaintiffs' demands for punitive damages and attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is hereby **DENIED.**

**IT IS SO ORDERED.**

                                  **ALGENON L. MARBLEY**
                                  **CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: September 10, 2020**